ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, NV 89146
Telephone:(702) 979-3565
Facsimile:(702) 362-2060
*Attorneys for Plaintiff Shanice Wortham*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHANICE WORTHAM, an individual, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| v. | |
| OFFICIAL SECURITY, INC., a Nevada corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiff SHANICE WORTHAM ("Plaintiff"), by and through her counsel of record, ADAM R. FULTON, ESQ. and LOGAN G. WILLSON, ESQ., of the law firm of JENNINGS & FULTON, LTD., hereby files this Complaint against Defendants OFFICIAL SECURITY, INC., DOES I through X, and ROE CORPORATIONS I through X, collectively ("Defendants"), and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff SHANICE WORTHAM is an individual who is and was at all relevant times a resident of Clark County, Nevada.

2. Defendant OFFICIAL SECURITY, INC. is a Nevada corporation, and at all relevant times hereto is and was duly authorized to transact business in Clark County, Nevada.

3. At all times mentioned herein, Plaintiff sought employment with Defendant and Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII")

4. Plaintiff does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X and ROE CORPORATIONS I through X. Plaintiff alleges that such Defendants assisted or participated in activities that resulted in damages suffered by Plaintiff as more fully discussed under the claims for relief set forth below. Plaintiff requests leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendants when Plaintiff discovers such information.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 in that this case arises under federal and state law, specifically for violations of Title VII, 42 U.S.C. § 2000e, *et seq.* and Nevada's Unlawful Employment Practices statute, Nevada Revised Statutes 613.330.

6. Venue is proper because both Plaintiff and Defendant reside and/or conduct business in Clark County, Nevada and the acts and transactions that give rise to this action occurred in Clark County, Nevada.

## ADMINISTRATIVE PREREQUISITES

7. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, Charge No. 487-2019-01425.

8. On January 25, 2021, the EEOC issued Plaintiff a Notice of Right to Sue ("Notice"), giving Plaintiff ninety (90) days from receipt of the Notice to file the present matter.

/ / /

/ / /

/ / /

## GENERAL ALLEGATIONS

9. On or about June 12, 2019, Plaintiff sought to apply for a security officer position ("Security Officer") with Defendant Official Security, Inc. at its store front location located at 2404 Santa Paula Drive, Las Vegas, Nevada 89104 ("Subject Premises").

10. At all relevant times stated herein, Plaintiff was qualified for the Security Officer position.

11. On or about June 12, 2019, Plaintiff entered the Subject Premises to apply for the Security Position, a vacant position, after seeing an online advertisement for the position.

12. Plaintiff is African American and her hair was braided and pulled back.

13. Plaintiff was denied by management and/or ownership, specifically by Darryl Cronfeld, from being able to submit an application due to her race and/or style of her hair.

14. On or about August 27, 2020, the EEOC issued a Letter of Determination stating that,

> The Commission has considered all the evidence obtain during the investigation and finds that there is reasonable cause to believe that Respondent (Official Security) violated Title VII when it refused to allow Charging Party (Plaintiff) to apply for the vacant security office position due to her Race (African American.)

15. Upon information and belief, Defendant had and/or has a grooming policy that has an adverse impact on African American's, specifically Plaintiff.

16. Defendant failed to exercise reasonable care to prevent and/or promptly correct the discriminatory behavior.

17. As a direct and proximate result, the effect of the practices complained of above deprived Plaintiff of equal employment opportunities and to otherwise adversely affect her employment status because of her race.

## FIRST CLAIM FOR RELIEF

**(Discrimination –Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

18. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth

herein.

19. On or about June 12, 2019, Plaintiff entered the Subject Premises to apply for the Security Position, a vacant position, after seeing an advertisement online for the position.

20. Plaintiff was denied by management and/or ownership from being able to submit an application due to her race and/or style of her hair.

21. Upon information and belief, Defendant had and/or has a grooming policy that has an adverse impact on African American's, specifically Plaintiff.

22. Defendant failed to exercise reasonable care to prevent and/or promptly correct the discriminatory behavior.

23. As a direct and proximate result, the effect of the practices complained of above deprived Plaintiff of equal employment opportunities and to otherwise adversely affect her employment status because of her race.

24. As a direct and proximate result of these unlawful actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

25. Official Security's conduct was malicious and/or oppressive conduct and undertaken with the intent to defraud and oppress Plaintiff, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 deterring such conduct in the future.

26. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seeks recovery of attorneys' fees and court costs.

### SECOND CLAIM FOR RELIEF
**(Discrimination – Violation of N.R.S. 613.330)**

27. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

28. On or about June 12, 2019, Plaintiff entered the Subject Premises to apply for the Security Position, a vacant position, after seeing an advertisement online for the position.

29. Plaintiff was denied by management and/or ownership from being able to submit an application due to her race and/or style of her hair.

30. Upon information and belief, Defendant had and/or has a grooming policy that has an adverse impact on African American's, specifically Plaintiff.

31. Defendant failed to exercise reasonable care to prevent and/or promptly correct the discriminatory behavior.

32. Defendant is in violation of its duty to engage in lawful employment practices in Nevada, specifically based on race.

33. As a direct and proximate result of these unlawful actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

34. Official Security's conduct was malicious and/or oppressive conduct and undertaken with the intent to defraud and oppress Plaintiff, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 deterring such conduct in the future.

35. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seeks recovery of attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1. For a permanent injunction enjoining Defendant Official Security Inc., its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race;

JENNINGS & FULTON, LTD.
2580 SORREL STREET
Las Vegas, NV 89146
(702) 979-3565

2. For Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American's based on their race and hair style, and which eradicates the effects of its past and present unlawful employment practices;

3. For Defendant to make whole Plaintiff by providing appropriate pay with pre- and post-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

4. For compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life, and consequential losses;

5. For punitive damages for Defendants malicious and reckless conduct, in an amount to be determined at trial;

6. For entry of an order compelling Defendants to pay Plaintiff's costs and attorneys' fees;

7. Trial by jury as to all issues;

8. Consequential and incidental damages according to proof at trial;

9. For pre-judgment and post-judgment interest until entry of judgment; and

10. For such other and further relief as the Court may deem just and proper.

Dated: April 12th, 2021

**JENNINGS & FULTON, LTD.**

By: __/s/ Adam R. Fulton, Esq.__
ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
2580 Sorrel Street
Las Vegas, NV 89146
Telephone:(702) 979-3565
Facsimile:(702) 362-2060
*Attorneys for Plaintiff Shanice Wortham*